IN THE UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

AUG 0 4 2014

Clerk ~~~~~~~~~~~~~~~ of Court

| | |
|---|---|
| [under seal] | § |
| | § |
| | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | § |
| | § |
| | § |
| [under seal] | § |
| | § |
| | § |
| | § |
| Defendants. | § |

CV-H-10-2695

FILED *EX PARTE*
AND UNDER SEAL

JURY DEMANDED

Judge Ewing Werlein, Jr.

**UNITED STATES' NOTICE OF SETTLEMENT**

ATTENTION SEALED CLERK

IN THE UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA<br>*ex rel.* KATHLEEN A. BRYANT, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | CV-H-10-2695 |
| | § | |
| | § | FILED *EX PARTE* |
| | § | AND UNDER SEAL |
| v. | § | |
| | § | JURY DEMANDED |
| COMMUNITY HEALTH SYSTEMS, INC. | § | |
| and HERITAGE MEDICAL CENTER, | § | Judge Ewing Werlein, Jr. |
| | § | |
| Defendants. | § | |

**UNITED STATES' NOTICE OF SETTLEMENT**

Pursuant to this Court's Order of July 30th, 2014 (D.E. 36) the United States hereby

notifies the Court that the settlement agreement between the parties has been fully executed.  A

copy of the fully executed agreement is attached to this Notice as Exhibit A.  The United States

requests that the Clerk immediately unseal this action as ordered by the Court. (*See* D.E. 36).

Respectfully submitted,

STUART DELERY
Assistant Attorney General for the Civil Division
KENNETH MAGIDSON
United States Attorney

By: _____
ANDREW A. BOBB
Assistant United States Attorney
SBOT No. 02530350

1000 Louisiana, Suite 2300
Houston, Texas 77002

Tel.: (713) 567-9766
Fax: (713) 718- 3303
*Andrew.Bobb@USDOJ.Gov*


MICHAEL D. GRANSTON
DANIEL R. ANDERSON
ROBERT J. MCAULIFFE
MELISSA HANDRIGAN
Attorneys, Department of Justice
Civil Division
Post Office Box 261
Ben Franklin Station
Washington, D.C. 20044

Telephone:     202-514-6832
Facsimile:     202-616-3085

ATTORNEYS IN CHARGE FOR THE
UNITED STATES OF AMERICA

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General (OIG-HHS) of the Department of Health and Human Services (HHS), and the Defense Health Agency (DHA), acting on behalf of the TRICARE program (collectively the "United States"); Community Health Systems, Inc., Community Health Systems Professional Services Corporation, and the entities identified on Attachment A ("Specified Facilities") (collectively "CHS"); and Relators Kathleen Bryant, Rachel Bryant, Bryan Carnithan, Amy Cook-Reska, Sheree Cook, James Doghramji, M.D., Thomas Mason, M.D., Scott Plantz, M.D., Nancy Reuille (collectively, "Relators") through their authorized representatives. Collectively, all of the above will be referred to as "the Parties."

"CHS" specifically excludes any entity related to CHS as a result of the merger of an indirect subsidiary of Community Health Systems, Inc. with Health Management Associates, Inc. ("HMA") or any HMA-related entity.

## RECITALS

A.     Community Health Systems, Inc. ("CHSI") is a Delaware corporation with its principal place of business in Franklin, Tennessee. It indirectly owns the Specified Facilities identified on Attachment A, consisting of one hundred and nineteen (119) hospitals. Community Health Systems Professional Services Corporation is a Delaware corporation with its principal place of business in Franklin, Tennessee. It is an indirect subsidiary of CHSI, and provides certain management services to hospitals affiliated with CHSI, including the Specified Facilities.



B.    Relators have filed the following qui tam actions pursuant to the qui tam provisions of the False Claims Act, 31 U.S.C. § 3730(b) (collectively the "Civil Actions"):

> *United States ex rel. Bryant v. CHSI, et al.,*
> Case No. CV-H-10-2695 (S.D. Tex.)
>
> *United States, et al. ex rel. Carnithan v. CHSI, et al.,*
> Case No. 11-cv-312 WDS/DGW (S.D. Ill.)
>
> *United States, et al. ex rel. Cook-Reska v. CHSI, et al.,*
> Case No. CV-H-09-1565 (S.D. Tex.)
>
> *United States ex rel. James Doghramji; Sheree Cook; and Rachel Bryant v. CHSI, et al.,*
> Case No. 3-11-cv-00442 (M.D. Tenn.)
>
> *United States, et al. ex rel. Mason v. CHSI, et al.,*
> Case No. 3:12-cv-817 (W.D.N.C.)
>
> *United States ex rel. Plantz v. CHSI, et al.,*
> Case No. 10-C-0959 (N.D. Ill)
>
> *United States, et al. ex rel. Reuille v. CHSPC, et al.,*
> Case No. 1:09-cv-00007 (N.D. Ind.)

C.    The United States contends that CHS submitted or caused to be submitted claims for payment to the Medicare Program ("Medicare"), Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1; the TRICARE Program, 10 U.S.C. §§ 1071- 1110b ("TRICARE"); and the Medicaid Program ("Medicaid"), Title XIX of the Social Security Act, 42 U.S.C. §§ 1396-1396w-5 (collectively "Government Healthcare Programs").

D.    The United States contends that it has certain civil claims against CHS arising from the following conduct during the periods specified (hereinafter referred to as the "Covered Conduct").

1.     Medically Unnecessary Emergency Department Admissions

From January 1, 2005 through December 31, 2010, CHS knowingly submitted or caused to be submitted claims for payment to the Government Healthcare Programs for certain inpatient admissions of Government Healthcare Program beneficiaries that were medically unnecessary and should have been billed as outpatient or observation services. The Covered Conduct in this Recital D.1. is specifically limited to claims submitted by the Specified Facilities related to the inpatient admission and treatment of Government Healthcare Program beneficiaries that meet all of the following criteria:

(a)     For beneficiaries who originally presented to the Emergency Department(s) ("ED") of the Specified Facilities;

(b)     For beneficiaries whose length of stay after inpatient admission was two (2) days or less;

(c)     For beneficiaries who were 65 years or older at the time they originally presented to the ED of a Specified Facility;

(d)     For beneficiaries who were not transferred or discharged to another acute care facility, did not leave the Specified Facility to which they originally presented against medical advice, and did not die while in a Specified Facility;

(e)     That were billed to the Government Healthcare programs under one of the following Diagnostic Related Groups ("DRGs") or Medical Severity DRGs ("MS-DRGs"):

i.     From January 1, 2005 through September 30, 2007, DRG 524 (transient ischemia); DRG 088 (chronic obstructive pulmonary

disease); DRG 127 (heart failure & shock); DRG 139 (cardiac arrhythmia & conduction disorder); DRG 141 (syncope & collapse); DRG 143 (chest pain); DRG 183 (esophagitis, gastroenterology & misc digestive disorders); DRG 297 (nutritional and miscellaneous metabolic disorders); DRG 321 (kidney and urinary tract infections);

ii.   From October 1, 2007 through December 31, 2010, MS-DRG 069 (transient ischemia); 192 (chronic obstructive pulmonary disease without CC/MCC); 293 (heart failure & shock without CC/MCC); 310 (cardiac arrhythmia & conduction disorder without CC/MCC); 312 (syncope & collapse); 313 (chest pain); 392 (esophagitis, gastroenterology & misc digestive disorders without MCC); 641 (nutritional and miscellaneous metabolic disorders without MCC); 690 (kidney and urinary tract infections without MC);[1]

iii.   For Specified Facilities acquired by CHS during the covered period of January 1, 2005 through December 31, 2010, claims for services rendered 365 days after the facility was acquired by CHS through December 31, 2010. The relevant time period for each Specified Facility is listed on Attachment A; and

---

[1] On October 1, 2007, CMS changed from a system that assigned DRGs to Inpatient Prospective Payment System (IPPS) claims to a system that assigned Medical Severity DRGs (MS-DRGs) to IPPS claims. The MS-DRG codes listed in this section map to the DRG codes listed above for the period from January 1, 2005 through September 30, 2007.

(f)     For Medicare claims only, inpatient admissions billed and paid under fee for service Medicare Part A, where Medicare was the primary payor of the claim and the claim resulted in payment by Medicare.

2.     <u>Laredo Medical Center ("LMC")</u>

(a)     <u>Medically Unnecessary Inpatient Procedures</u>

From January 1, 2005 through December 31, 2010, LMC inappropriately submitted claims to Medicare for scheduled cardiac and hemodialysis services, billing these services as inpatient procedures when they should have been billed as outpatient procedures. These claims are limited to those that were submitted to Medicare under the ICD-9-CM procedure codes identified in Attachment B.

(b)     <u>Improper Financial Relationship</u>

From January 1, 2007 through December 31, 2012, LMC engaged in an improper financial relationship, in connection with a Cardiac Rehabilitation Unit medical directorship, with Dr. Benson Huang. As a result, LMC submitted claims to Medicare for services rendered to patients referred to LMC by Dr. Huang, in violation of the Physician Self-Referral Law ("Stark Law"), 42 U.S.C. § 1395nn *et seq.* and the False Claims Act.

E.     This Settlement Agreement is neither an admission of liability by CHS nor a concession by the United States or Relators that their claims are not well founded.

F.     CHS expressly denies the allegations of the United States and Relators and denies that it engaged in any wrongful conduct in connection with the Covered Conduct.

G.     Relators and their counsel claim entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of this Settlement Agreement and to Relators' reasonable expenses, attorneys' fees and costs.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

## TERMS AND CONDITIONS

1.    CHS shall pay to the United States $97,257,500 ("Settlement Amount") (of which $88,257,500 relates to the Covered Conduct described in Recital D.1., above, and $9,000,000 relates to the Covered Conduct described in Recital D.2., above), and interest on the Settlement Amount at a rate of 2.25% from May 11, 2014, no later than 10 days after the Effective Date of this Agreement by electronic funds transfer.  Instructions for the transfer of the settlement funds related to the Covered Conduct described in Recital D.1 above will be provided by the United States Attorney's Office for the Middle District of Tennessee prior to the Effective Date. Instructions for the transfer of the settlement proceeds related to the Covered Conduct described in Recital D.2. above will be provided by the United States Attorney's Office for the Southern District of Texas prior to the Effective Date.

2.    Subject to the exceptions in Paragraph 6 (concerning excluded claims) below, and conditioned upon CHS's full payment of the Settlement Amount, the United States (on behalf of itself, its officers, agents, servants, agencies, and departments) releases CHS and their affiliates, predecessors, successors, related entities, and current and former directors, officers, employees, agents and assigns (the "Released Parties") from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; any statutory provisions creating a cause of action for civil damages or civil penalties which the Civil Division of the Department of Justice has actual or

present authority to assert and compromise pursuant to 28 C.F.R. Pt. 0, Subpart I, 0.45(d); or the common law theories of payment by mistake, unjust enrichment, fraud, or disgorgement.

3.      Subject to the exceptions in Paragraph 6 (concerning excluded claims) below, and conditioned upon CHS's full payment of the Settlement Amount, Relators, for themselves and for their heirs, successors, attorneys, agents, and assigns, release CHS and their affiliates, predecessors, successors, related entities, and current and former directors, officers, employees, agents and assigns from any civil monetary claim the Relators have or may have on behalf of the United States for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733, and from any claims, allegations, demands, actions or causes of action whatsoever, known or unknown, fixed or contingent, in law or in equity, in contract or in tort, under any federal or state statute or regulation, or under common law, that they, their heirs, successors, attorneys, agents and assigns otherwise would have standing to bring, including, without limitation, any claim that the Relators asserted or could have asserted in their Civil Actions.  All Parties agree that nothing in this Paragraph or this Agreement shall be construed in any way to release:  any claims that Relators may have against CHS, or any entity related to CHS, relating to any HMA-related entity acquired by CHS through its merger with or acquisition of HMA in 2014; any claims Relators may have for reasonable attorneys' fees, expenses, and costs pursuant to 31 U.S.C. § 3730(d); any claims that Relators may have under § 3730(h) and comparable state laws; Relators' claims for a relator's share under § 3730(d); or Relators' claims for a relator's share under the Medicaid state  settlement agreements.

4.      In consideration of the obligations of CHS in this Agreement and the Corporate Integrity Agreement ("CIA") entered into between OIG-HHS and CHS, and conditioned upon CHS's full payment of the Settlement Amount, the OIG-HHS agrees to release and refrain from

instituting, directing, or maintaining any administrative action seeking exclusion from Medicare, Medicaid, and other Federal health care programs (as defined in 42 U.S.C. § 1320a-7b(f)) against CHS under 42 U.S.C. § 1320a-7a (Civil Monetary Penalties Law) or 42 U.S.C. § 1320a-7(b)(7) (permissive exclusion for fraud, kickbacks, and other prohibited activities) for the Covered Conduct, except as reserved in Paragraph 6 (concerning excluded claims), below, and as reserved in this Paragraph. The OIG-HHS expressly reserves all rights to comply with any statutory obligations to exclude CHS from Medicare, Medicaid, and other Federal health care programs under 42 U.S.C. § 1320a-7(a) (mandatory exclusion) based upon the Covered Conduct. Nothing in this Paragraph precludes the OIG-HHS from taking action against entities or persons, or for conduct and practices, for which claims have been reserved in Paragraph 6, below.

5.      In consideration of the obligations of CHS set forth in this Agreement, and conditioned upon CHS's full payment of the Settlement Amount, DHA agrees to release and refrain from instituting, directing, or maintaining any administrative action seeking exclusion from the TRICARE Program against CHS under 32 C.F.R. § 199.9 for the Covered Conduct, except as reserved in Paragraph 6 (concerning excluded claims), below, and as reserved in this Paragraph. DHA expressly reserves authority to exclude CHS from the TRICARE Program under 32 C.F.R. §§ 199.9 (f)(1)(i)(A), (f)(1)(i)(B), and (f)(1)(iii), based upon the Covered Conduct. Nothing in this Paragraph precludes DHA or the TRICARE Program from taking action against entities or persons, or for conduct and practices, for which claims have been reserved in Paragraph 6 below.

6.      Notwithstanding the releases given in paragraphs 2-5 of this Agreement, or any other term of this Agreement, the following claims of the United States are specifically reserved and are not released:

a.     Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

b.     Any criminal liability;

c.     Except as explicitly stated in this Agreement, any administrative liability, including mandatory exclusion from Federal health care programs;

d.     Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

e.     Any liability based upon obligations created by this Agreement;

f.     Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services;

g.     Any liability for failure to deliver goods or services due;

h.     Any liability for personal injury or property damage or for other consequential damages arising from the Covered Conduct;

i.     Except as explicitly stated in this Agreement, any liability of individuals;

j.     Any claim against CHS, or any entity related to CHS, relating to any HMA-related entity acquired by CHS through the merger of an indirect subsidiary of CHSI with HMA in 2014.

7.     Relators and their heirs, successors, attorneys, agents, and assigns shall not object to this Agreement and agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B).  In connection with this Agreement and the Civil Actions, Relators and their heirs, successors, attorneys, agents, and assigns agree that neither this Agreement, any intervention by the United States in the Civil Actions in order to dismiss the Civil Actions, nor any dismissal of the Civil Actions, shall waive

or otherwise affect the ability of the United States to contend that provisions in the False Claims Act, including 31 U.S.C. §§ 3730(d)(3) and 3730(e), bar Relators from sharing in the proceeds of this Agreement. Moreover, the United States and Relators and their heirs, successors, attorneys, agents, and assigns agree that they each retain all of their rights pursuant to the False Claims Act on the issue of the share percentage, if any, that Relators should receive of any proceeds of the settlement of their claims.

8.      In consideration of Relators' obligations set forth in this Agreement, CHS, its predecessors, parents, affiliates, subsidiaries, successors, and assigns, and their current and former directors, officers, and employees when acting on behalf of CHS, fully and finally release, waive and forever discharge each of the Relators and their respective heirs, executors, successors, assigns, attorneys, and agents, individually and collectively, from any and all manner of claims, controversies, actions, causes of actions, demands, torts, damages, costs, attorneys' fees, moneys due on account, obligations, judgments or liabilities of any kind whatsoever in law or equity, arising out of agreement or imposed by statute, common law or otherwise, from the beginning of time to the date this Agreement is signed, whether or not known now, anticipated, unanticipated, suspected or claimed, fixed or contingent, whether yet accrued or not and whether damage has resulted from such or not. All Parties agree that nothing in this Paragraph or this Agreement shall be construed in any way to release, waive or otherwise affect the ability of CHS to challenge or object to Relators' claims for attorneys' fees, expenses, and costs pursuant to 31 U.S.C. § 3730(d).

9.      CHS waives and shall not assert any defenses CHS may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the

Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any other provision of this Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

10.   CHS fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that CHS has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct and the United States' investigation and prosecution thereof.

11.   The Settlement Amount shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare contractor (e.g., Medicare Administrative Contractor, fiscal intermediary, carrier), TRICARE, or any state payer, related to the Covered Conduct; and CHS agrees not to resubmit to any Medicare contractor, TRICARE, or any state payer any previously denied claims related to the Covered Conduct, agrees not to appeal any such denials of claims, and agrees to withdraw any such pending appeals.

12.   CHS agrees to the following:

a.   <u>Unallowable Costs Defined:</u> All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk and 1396-1396w-5; and the regulations and official program directives promulgated thereunder) incurred by or on behalf of CHS, its present or former officers, directors, employees, shareholders, and agents in connection with:

(1)   the matters covered by this Agreement;

(2)      the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement;

(3)      CHS's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in connection with the matters covered by this Agreement (including attorney's fees);

(4)      the negotiation and performance of this Agreement;

(5)      the payment CHS makes to the United States pursuant to this Agreement and any payments that CHS may make to Relators, including costs and attorney's fees; and

(6)      the negotiation of, and obligations undertaken pursuant to, the CIA to:

       (i)      retain an independent review organization to perform annual reviews as described in Section III of the CIA; and

       (ii)      prepare and submit reports to the OIG-HHS,

       (iii)      are unallowable costs for government contracting purposes and under the Medicare Program, Medicaid Program, and TRICARE Program, and Federal Employees Health Benefits Program (FEHBP) (hereinafter referred to as Unallowable Costs). However, nothing in paragraph 12.a.(6) that may apply to the obligations undertaken pursuant to the CIA affects the status of costs that are not allowable based on any other authority applicable to CHS.

b.     <u>Future Treatment of Unallowable Costs:</u> Unallowable Costs shall be separately determined and accounted for by CHS, and CHS shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by CHS or any of its subsidiaries or affiliates to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

c.     <u>Treatment of Unallowable Costs Previously Submitted for Payment:</u> CHS further agrees that within 90 days of the Effective Date of this Agreement it shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs (as defined in this Paragraph) included in payments previously sought from the United States, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by CHS or any of its subsidiaries or affiliates, and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the Unallowable Costs. CHS agrees that the United States, at a minimum, shall be entitled to recoup from CHS any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies. The United States reserves its rights to disagree with any calculations submitted by CHS or any of its subsidiaries or affiliates on the effect of inclusion of Unallowable Costs (as

defined in this Paragraph) on CHS or any of its subsidiaries or affiliates' cost reports, cost statements, or information reports.

        d.      Nothing in this Agreement shall constitute a waiver of the rights of the United States to audit, examine, or re-examine CHS's books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this Paragraph.

13.     This Agreement is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph 14 (waiver for beneficiaries paragraph), below.

14.     CHS agrees that it waives and shall not seek payment for any of the health care billings covered by this Agreement from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or secondary or third party payors based upon the claims defined as Covered Conduct.

15.     Upon receipt of the payment described in Paragraphs 1 above, the United States shall promptly intervene in each of the Civil Actions and the United States and the Relators shall promptly sign and file in each of the Civil Actions Joint Notices of Dismissal of the Civil Actions pursuant to Rule 41(a)(1) as follows:

        a.      Each notice of dismissal shall be with prejudice as to the United States' and Relators' claims against CHS and all named CHS defendants in the Civil Actions as to the Covered Conduct in each Civil Action pursuant to and consistent with the Terms and Conditions of this Agreement;

        b.      Each notice of dismissal shall be without prejudice as to the United States and with prejudice as to Relators as to all other claims against CHS and all named CHS defendants, and without prejudice as to the United States and Relators as to all other entities

named as defendants in the Civil Actions pursuant to and consistent with the Terms and Conditions of this Agreement.

      c.      Provided, however, that the following claims shall not be dismissed, unless they are settled, adjudicated, or otherwise resolved, and any required consent by the United States is obtained, and the Courts are so informed:

      (1)      Any claims Relators may have for reasonable attorneys' fees, expenses, and costs pursuant to 31 U.S.C. § 3730(d);

      (2)      Any claims Relators may have under § 3730(h) and comparable state laws;

      (3)      Relators' claims for a relator's share under § 3730(d);

      (4)      Relators' claims for a relator's share under the Medicaid state settlement agreements;

      (5)      Any claim Relators may have against CHS, or any entity related to CHS, relating to any HMA-related entity acquired by CHS through the merger of an indirect subsidiary of CHSI with HMA in 2014.

16.      Except for Relators' rights pursuant to 31 U.S.C. § 3730(d), each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

17.      Each party and signatory to this Agreement represents that it freely and voluntarily enters in to this Agreement without any degree of duress or compulsion.

18.      This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Middle District of Tennessee, Nashville Division, except that this choice-of-forum

clause shall not govern any disputes between CHS and any particular relator arising from that relator's request for attorneys' fees pursuant to 31 U.S.C. § 3730(d) or any claims Relators have under 31 U.S.C. § 3730(h). For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

19.    This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

20.    The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

21.    This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

22.    This Agreement is binding on CHS's successors, transferees, heirs, and assigns.

23.    This Agreement is binding on Relators' successors, transferees, heirs, and assigns.

24.    All parties consent to the disclosure of this Agreement, and information about this Agreement, to the public.

25.    This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

**THE UNITED STATES OF AMERICA**

DATED: 7/29/14          By: _____

                                 MELISSA HANDRIGAN
                                 Trial Attorney
                                 Commercial Litigation Branch
                                 Civil Division
                                 United States Department of Justice

-16-

DATED: _July 29, 2014_          DAVID RIVERA
                                United States Attorney
                                Middle District of Tennessee

                                By: _[signature]_
                                    JOHN-DAVID THOMAS
                                    Assistant United States Attorney
                                    Middle District of Tennessee


DATED: _____              KENNETH MAGIDSON
                                United States Attorney
                                Southern District of Texas

                                By: _____
                                    ANDREW BOBB
                                    Assistant United States Attorney
                                    Southern District of Texas


DATED: _____              ZACHARY T. FARDON
                                United States Attorney
                                Northern District of Illinois

                                By: _____
                                    DAVID LIDOW
                                    Assistant United States Attorney
                                    Northern District of Illinois


DATED: _____              DAVID CAPP
                                United States Attorney
                                Northern District of Indiana

                                By: _____
                                    OREST SZEWCIW
                                    Assistant United States Attorney
                                    Northern District of Indiana

DATED: _____      DAVID RIVERA
                            United States Attorney
                            Middle District of Tennessee

                            By: _____

                               JOHN-DAVID THOMAS
                               Assistant United States Attorney
                               Middle District of Tennessee


DATED: 7-23-204             KENNETH MAGIDSON
                            United States Attorney
                            Southern District of Texas

                            By: _____ ʲᴴ ᵥ ᵗʰᵉ ᵖᵉʳᵐⁱˢⁱ.

                               ANDREW BOBB
                               Assistant United States Attorney
                               Southern District of Texas


DATED: _____      ZACHARY T. FARDON
                            United States Attorney
                            Northern District of Illinois

                            By: _____

                               DAVID LIDOW
                               Assistant United States Attorney
                               Northern District of Illinois


DATED: _____      DAVID CAPP
                            United States Attorney
                            Northern District of Indiana

                            By: _____

                               OREST SZEWCIW
                               Assistant United States Attorney
                               Northern District of Indiana

DATED: _____        DAVID RIVERA
                              United States Attorney
                              Middle District of Tennessee

                              By:_____
                                  JOHN-DAVID THOMAS
                                  Assistant United States Attorney
                                  Middle District of Tennessee


DATED: _____        KENNETH MAGIDSON
                              United States Attorney
                              Southern District of Texas

                              By:_____
                                  ANDREW BOBB
                                  Assistant United States Attorney
                                  Southern District of Texas


DATED: 7/23/14                ZACHARY T. FARDON
                              United States Attorney
                              Northern District of Illinois

                              By:_____
                                  DAVID LIDOW
                                  Assistant United States Attorney
                                  Northern District of Illinois


DATED: _____        DAVID CAPP
                              United States Attorney
                              Northern District of Indiana

                              By:_____
                                  OREST SZEWCIW
                                  Assistant United States Attorney
                                  Northern District of Indiana

DATED: _____   DAVID RIVERA
                        United States Attorney
                        Middle District of Tennessee

                        By: _____
                            JOHN-DAVID THOMAS
                            Assistant United States Attorney
                            Middle District of Tennessee


DATED: _____   KENNETH MAGIDSON
                        United States Attorney
                        Southern District of Texas

                        By: _____
                            ANDREW BOBB
                            Assistant United States Attorney
                            Southern District of Texas


DATED: _____   ZACHARY T. FARDON
                        United States Attorney
                        Northern District of Illinois

                        By: _____
                            DAVID LIDOW
                            Assistant United States Attorney
                            Northern District of Illinois


DATED: 7-23-14         DAVID CAPP
                        United States Attorney
                        Northern District of Indiana

                        By: _____
                            OREST SZEWCIW
                            Assistant United States Attorney
                            Northern District of Indiana

DATED: _July 23 2014_  STEPHEN R. WIGGINTON
          United States Attorney
          Southern District of Illinois

          By: _____
           GERALD BURKE
           Assistant United States Attorney
           Southern District of Illinois

DATED: _____  ANNE M. TOMPKINS
          United States Attorney
          Western District of North Carolina

          By: _____
           JONATHAN FERRY
           Assistant United States Attorney
           Western District of North Carolina

DATED: _____  By: _____
           ROBERT K. DECONTI
           Assistant Inspector General for Legal Affairs
           Office of Counsel to the
            Inspector General
           Office of Inspector General
           United States Department of
            Health and Human Services

DATED: _____  By: _____
           PAUL J. HUTTER
           General Counsel
           Defense Health Agency
           United States Department
            of Defense

DATED: _____       STEPHEN R. WIGGINTON
                            United States Attorney
                            Southern District of Illinois

                            By:_____

                               GERALD BURKE
                               Assistant United States Attorney
                               Southern District of Illinois

DATED: _7-18-14_            ANNE M. TOMPKINS
                            United States Attorney
                            Western District of North Carolina

                            By: _____
                               JONATHAN FERRY
                               Assistant United States Attorney
                               Western District of North Carolina

DATED: _____       By:_____

                               ROBERT K. DECONTI
                               Assistant Inspector General for Legal Affairs
                               Office of Counsel to the
                                  Inspector General
                               Office of Inspector General
                               United States Department of
                                  Health and Human Services

DATED: _____       By:_____

                               PAUL J. HUTTER
                               General Counsel
                               Defense Health Agency
                               United States Department
                                  of Defense

DATED: _____        STEPHEN R. WIGGINTON
                              United States Attorney
                              Southern District of Illinois

                              By: _____
                                  GERALD BURKE
                                  Assistant United States Attorney
                                  Southern District of Illinois


DATED: _____        ANNE M. TOMPKINS
                              United States Attorney
                              Western District of North Carolina

                              By: _____
                                  JONATHAN FERRY
                                  Assistant United States Attorney
                                  Western District of North Carolina


DATED: _7/28/14_              By: *Robert K. DeConti*
                                  ROBERT K. DECONTI
                                  Assistant Inspector General for Legal Affairs
                                  Office of Counsel to the
                                    Inspector General
                                  Office of Inspector General
                                  United States Department of
                                    Health and Human Services


DATED: _____        By: _____
                                  PAUL J. HUTTER
                                  General Counsel
                                  Defense Health Agency
                                  United States Department
                                    of Defense

DATED: _____        STEPHEN R. WIGGINTON
                            United States Attorney
                            Southern District of Illinois

                            By: _____
                                GERALD BURKE
                                Assistant United States Attorney
                                Southern District of Illinois


DATED: _____        ANNE M. TOMPKINS
                            United States Attorney
                            Western District of North Carolina

                            By: _____
                                JONATHAN FERRY
                                Assistant United States Attorney
                                Western District of North Carolina


DATED: _____        By: _____
                                ROBERT K. DECONTI
                                Assistant Inspector General for Legal Affairs
                                Office of Counsel to the
                                  Inspector General
                                Office of Inspector General
                                United States Department of
                                  Health and Human Services


DATED: 7|18| 14        By: _____, Deputy GC
                            for PAUL J. HUTTER
                                General Counsel
                                Defense Health Agency
                                United States Department
                                  of Defense

**CHS – DEFENDANTS**

DATED: _July 23, 2014_          By: _____

RICHARD SAUBER
Robbins, Russell, Englert, Orseck, Untereiner
& Sauber LLP
Counsel for CHS

DATED: _July 23, 2014_          By: _____

RACHEL SEIFERT
Community Health Systems, Inc.
General Counsel and Secretary

-19-

RELATORS

DATED: 7-17-2014        RELATOR KATHLEEN BRYANT

                       By: _____
                       Kathleen Bryant

DATED: 7.17.2014       By: _____
                       Counsel for Kathleen Bryant

DATED: _____        RELATOR RACHEL BRYANT

                       By: _____
                       Rachel Bryant

DATED: _____        By: _____
                       Counsel for Rachel Bryant

DATED: _____        RELATOR BRYAN CARNITHAN

                       By: _____
                       Bryan Carnithan

DATED: _____        By: _____
                       Counsel for Bryan Carnithan

DATED: _____        RELATOR AMY COOK-RESKA

                       By: _____
                       Amy Cook-Reska

DATED: _____        By: _____
                       Counsel for Amy Cook Reska

-20-

## RELATORS

DATED: _____       RELATOR KATHLEEN BRYANT

                           By: _____
                              Kathleen Bryant


DATED: _____       By: _____
                              Counsel for Kathleen Bryant


DATED: 7/11/14             RELATOR RACHEL BRYANT

                           By: _____
                              Rachel Bryant


DATED: 7/14/14             By: _____
                              Counsel for Rachel Bryant


DATED: _____       RELATOR BRYAN CARNITHAN

                           By: _____
                              Bryan Carnithan


DATED: _____       By: _____
                              Counsel for Bryan Carnithan


DATED: _____       RELATOR AMY COOK-RESKA

                           By: _____
                              Amy Cook-Reska


DATED: _____       By: _____
                              Counsel for Amy Cook Reska

**RELATORS**

DATED: _____          <u>RELATOR KATHLEEN BRYANT</u>

                                      By: _____
                                         Kathleen Bryant

DATED: _____          By: _____
                                         Counsel for Kathleen Bryant

DATED: _____          <u>RELATOR RACHEL BRYANT</u>

                                      By: _____
                                         Rachel Bryant

DATED: _____          By: _____
                                         Counsel for Rachel Bryant

DATED: 7/17/14          <u>RELATOR BRYAN CARNITHAN</u>

                                      By: _____
                                         Bryan Carnithan

DATED: _____          By: _____
                                         Counsel for Bryan Carnithan

DATED: _____          <u>RELATOR AMY COOK-RESKA</u>

                                      By: _____
                                         Amy Cook-Reska

DATED: _____          By: _____
                                         Counsel for Amy Cook Reska

**RELATORS**

DATED: _____     RELATOR KATHLEEN BRYANT

                          By:_____
                               Kathleen Bryant


DATED: _____     By:_____
                               Counsel for Kathleen Bryant


DATED: _____     RELATOR RACHEL BRYANT

                          By:_____
                               Rachel Bryant


DATED: _____     By:_____
                               Counsel for Rachel Bryant


DATED: _____     RELATOR BRYAN CARNITHAN

                          By:_____
                               Bryan Carnithan


DATED: _07/18/14_         By:_____
                               Counsel for Bryan Carnithan


DATED: _____     RELATOR AMY COOK-RESKA

                          By:_____
                               Amy Cook-Reska


DATED: _____     By:_____
                               Counsel for Amy Cook Reska

DATED: _____     RELATOR KATHLEEN BRYANT

                         By:_____
                             Kathleen Bryant


DATED: _____     By:_____
                             Counsel for Kathleen Bryant


DATED: _____     RELATOR RACHEL BRYANT

                         By:_____
                             Rachel Bryant


DATED: _____     By:_____
                             Counsel for Rachel Bryant


DATED: _____     RELATOR BRYAN CARNITHAN

                         By:_____
                             Bryan Carnithan


DATED: _____     By:_____
                             Counsel for Bryan Carnithan


DATED: _7/21/2014_       RELATOR AMY COOK-RESKA

                         By:_____
                             Amy Cook-Reska


DATED: _7/21/2014_       By:_____

DATED: 7 - 10 - 2014  RELATOR SHEREE COOK

By: _Sheree Cook Hesler_
        Sheree Cook

DATED: 7-14-14   By: _____
        Counsel for Sheree Cook


DATED: _____   RELATOR JAMES DOGHRAMJI, M.D.

By: _____
        James Doghramji, M.D.


DATED: _____   By: _____
        Counsel for James Doghramji


DATED: _____   RELATOR THOMAS MASON, M.D.

By: _____
        Thomas Mason, M.D.


DATED: _____   By: _____
        Counsel for Thomas Mason, M.D.


DATED: _____   RELATOR SCOTT PLANTZ, M.D.

By: _____
        Scott Plantz, M.D.


DATED: _____   By: _____
        Counsel for Scott Plantz, M.D.

DATED: _____     RELATOR SHEREE COOK

                       By: _____
                           Sheree Cook


DATED: _____     By: _____
                           Counsel for Sheree Cook


DATED:  7/10/2014      RELATOR JAMES DOGHRAMJI, M.D.

                       By: _____
                           James Doghramji, M.D.


DATED: 7/14/14         By: _____
                           Counsel for James Doghramji


DATED: _____     RELATOR THOMAS MASON, M.D.

                       By: _____
                           Thomas Mason, M.D.


DATED: _____     By: _____
                           Counsel for Thomas Mason, M.D.


DATED: _____     RELATOR SCOTT PLANTZ, M.D.

                       By: _____
                           Scott Plantz, M.D.


DATED: _____     By: _____
                           Counsel for Scott Plantz, M.D.

DATED: _____      RELATOR SHEREE COOK

                         By: _____
                             Sheree Cook

DATED: _____      By: _____
                             Counsel for Sheree Cook

DATED: _____      RELATOR JAMES DOGHRAMJI, M.D.

                         By: _____
                             James Doghramji, M.D.

DATED: _____      By: _____
                             Counsel for James Doghramji

DATED: 7|17|14      RELATOR THOMAS MASON, M.D.

                         By: *Thomas Mason, MD*
                             Thomas Mason, M.D.

DATED: 7/18/14      By: _____
                             Counsel for Thomas Mason, M.D.

DATED: _____      RELATOR SCOTT PLANTZ, M.D.

                         By: _____
                             Scott Plantz, M.D.

DATED: _____      By: _____
                             Counsel for Scott Plantz, M.D.

DATED: _____      RELATOR SHEREE COOK

                    By: _____
                         Sheree Cook

DATED: _____      By: _____
                         Counsel for Sheree Cook

DATED: _____      RELATOR JAMES DOGHRAMJI, M.D.

                    By: _____
                         James Doghramji, M.D.

DATED: _____      By: _____
                         Counsel for James Doghramji

DATED: _____      RELATOR THOMAS MASON, M.D.

                    By: _____
                         Thomas Mason, M.D.

DATED: _____      By: _____
                         Counsel for Thomas Mason, M.D.

DATED: _July 22, 2014_      RELATOR SCOTT PLANTZ, M.D.

                    By: _[signature]_
                    Scott Plantz, M.D.

DATED: _July 23, 2014_ By: _[signature]_
                    Counsel for Scott Plantz, M.D.

DATED: _____7/21/14_____    RELATOR NANCY REUILLE

                               By: _____
                                   Nancy Reuille

DATED: _7/21/14_    By: _____
                        Counsel for Nancy Reuille

ATTACHMENT A

| # | HOSPITAL Name | CCN Number | ADDRESS | Covered Period Start | Covered Period End |
|---|---|---|---|---|---|
| 1 | Affinity Hospital, LLC d/b/a Trinity Medical Center | 010104 | Birmingham, Alabama | 8/1/2008 | 12/31/2010 |
| 2 | Centre Hospital Corporation d/b/a Cherokee Medical Center | 010022 | 400 Northwood Drive, Centre, Alabama | 5/1/2007 | 12/31/2010 |
| 3 | Foley Hospital Corporation d/b/a South Baldwin Regional Medical Center | 010083 | 1613 North McKenzie Street, Foley, AL 36535 | 7/1/2001 | 12/31/2010 |
| 4 | Fort Payne Hospital Corporation d/b/a DeKalb Regional Medical Center | 010012 | 200 Medical Center Drive, Fort Payne, AL 35968 | 5/1/2007 | 12/31/2010 |
| 5 | Greenville Hospital Corporation d/b/a LV Stabler Memorial Hospital | 010150 | 29 LV Stabler Drive, Greenville, AL 36037 | 11/1/1995 | 12/31/2010 |
| 6 | QHG of Enterprise, Inc. d/b/a Medical Center Enterprise | 010049 | 400 N. Edwards St., Enterprise, Alabama | 8/1/2008 | 12/31/2010 |
| 7 | Triad of Alabama, LLC d/b/a Flowers Hospital | 010055 | 4370 West Main Street, Dothan, AL 36305 | 8/1/2008 | 12/31/2010 |
| 8 | Mat-Su Valley Medical Center, LLC d/b/a Mat-Su Regional Medical Center | 020006 | Palmer, Alaska | 8/1/2008 | 12/31/2010 |
| 9 | Bullhead City Hospital Corporation d/b/a Western Arizona Regional Medical Center | 030101 | 2735 Silver Creek Road, Bullhead City, AZ 86442 | 8/1/2001 | 12/31/2010 |
| 10 | Northwest Hospital, LLC d/b/a Northwest Medical Center | 030085 | 6200 N. LaCholla Blvd., Tucson, Arizona | 8/1/2008 | 12/31/2010 |
| 11 | Oro Valley Hospital, LLC d/b/a Northwest Medical Center Oro Valley a/k/a Oro Valley Hospital | 030114 | 6200 N. LaCholla Blvd, Tuscon, Arizona | 8/1/2008 | 12/31/2010 |
| 12 | Payson Hospital Corporation d/b/a Payson Regional Medical Center | 030033 | 807 S. Ponderosa, Payson, Arizona | 9/1/1998 | 12/31/2010 |
| 13 | Forrest City Arkansas Hospital Company, LLC d/b/a Forrest City Medical Center | 040019 | Forrest City, Arkansas | 4/1/2007 | 12/31/2010 |
| 14 | MCSA, L.L.C. d/b/a Medical Center of South Arkansas | 040088 | El Dorado, Arkansas | 5/1/2010 | 12/31/2010 |
| 15 | National Healthcare of Newport, Inc. d/b/a Harris Hospital | 040080 | 1205 McLain Street, Newport, Arkansas 72112 | 11/1/1995 | 12/31/2010 |
| 16 | Northwest Arkansas Hospitals, LLC d/b/a Northwest Medical Center – Bentonville | 040138 | 3000 SE Medical Center Pkwy, Bentonville, AR 72712 | 8/1/2008 | 12/31/2010 |
| 17 | Northwest Arkansas Hospitals, LLC d/b/a Northwest Medical Center – Springdale | 040022 | 609 West Maple Avenue, Springdale, AR 72764 | 8/1/2008 | 12/31/2010 |
| 18 | Phillips Hospital Corporation d/b/a Helena Regional Medical Center | 040085 | 1801 Martin Luther King Drive, Helena, AR 72342 | 4/1/2003 | 12/31/2010 |
| 19 | Siloam Springs Arkansas Hospital Company, LLC d/b/a Siloam Springs Memorial Hospital | 040001 | Siloam Springs, Arkansas | 3/1/2010 | 12/31/2010 |
| 20 | Fallbrook Hospital Corporation d/b/a Fallbrook Hospital | 050435 | 624 East Elder Street, Fallbrook, California 92028 | 12/1/1999 | 12/31/2010 |

ATTACHMENT A

| # | Name | ID | Address | | |
|---|------|----|---------|---|---|
| 21 | Hospital of Barstow, Inc. d/b/a Barstow Community Hospital | 050298 | Barstow, California | 2/1/1994 | 12/31/2010 |
| 22 | Watsonville Hospital Corporation d/b/a Watsonville Community Hospital | 050194 | Watsonville, California | 10/1/1999 | 12/31/2010 |
| 23 | Crestwood Healthcare, L.P. d/b/a Crestwood Medical Center | 010131 | P.O. Box 898, Dover, Delaware | 8/1/2008 | 12/31/2010 |
| 24 | Lea Regional Hospital, LLC d/b/a Lea Regional Medical Center | 320065 | 1013 Centre Rd, Wilmington, Delaware | 8/1/2008 | 12/31/2010 |
| 25 | Crestview Hospital Corporation d/b/a North Okaloosa Medical Center | 100122 | 151 East Redstone Avenue, Crestview, FL 32539 | 4/1/1997 | 12/31/2010 |
| 26 | Lake Wales Hospital Corporation d/b/a Lake Wales Medical Center | 100099 | 410 South 11th Street Lake Wales, FL 33853 | 1/1/2004 | 12/31/2010 |
| 27 | Augusta Hospital, LLC d/b/a Trinity Hospital of Augusta | 110039 | 2260 Wrightsboro Road, Augusta, GA 30904 | 8/1/2008 | 12/31/2010 |
| 28 | Blue Ridge Georgia Hospital Company, LLC d/b/a Fannin Regional Hospital | 110189 | 2855 Old Highway 5 North, Blue Ridge, GA 30513 | 2/1/1987 | 12/31/2010 |
| 29 | Galesburg Hospital Corporation d/b/a Galesburg Cottage Hospital | 140040 | 695 N. Kellogg Street, Galesburg, IL 61401 | 8/1/2005 | 12/31/2010 |
| 30 | Granite City Illinois Hospital Company, LLC d/b/a Gateway Regional Medical Center | 140125 | 2100 Madison Avenue, Granite City, IL 62040 | 2/1/2003 | 12/31/2010 |
| 31 | Marion Hospital Corporation d/b/a Heartland Regional Medical Center | 140184 | 3333 West DeYoung, Marion, IL 62959 | 11/1/1997 | 12/31/2010 |
| 32 | National Healthcare of Mt. Vernon, Inc. d/b/a Crossroads Community Hospital | 140294 | #8 Doctor's Park Road, Mt. Vernon, IL 62864 | 11/1/1995 | 12/31/2010 |
| 33 | Waukegan Illinois Hospital Company, LLC d/b/a Vista Medical Center East/West | 140033 | 1324 N. Sheridan Road, Waukegan, Illinois 60085 | 8/1/2008 | 12/31/2010 |
| 34 | Waukegan Illinois Hospital Company, LLC d/b/a Vista Medical Center East/West | 140084 | 1324 N. Sheridan Road, Waukegan, Illinois 60085 | 8/1/2007 | 12/31/2010 |
| 35 | Bluffton Health System, LLC d/b/a Bluffton Regional Medical Center | 150075 | 303 South Main Street, Bluffton, IN 46714 | 8/1/2008 | 12/31/2010 |
| 36 | DuPont Hospital, LLC d/b/a DuPont Hospital | 150150 | Fort Wayne, Indiana | 8/1/2008 | 12/31/2010 |
| 37 | IOM Health System, L.P. d/b/a Lutheran Hospital | 150017 | Fort Wayne, Indiana | 8/1/2008 | 12/31/2010 |
| 38 | Lutheran Musculoskeletal Center | 150168 | Fort Wayne, Indiana | 8/1/2008 | 12/31/2010 |
| 39 | Porter Hospital, LLC d/b/a Porter Hospital | 150035 | 814 LaPorte Avenue, Valparaiso, IN 46383 | 6/1/2008 | 12/31/2010 |
| 40 | St. Joseph Health System, LLC d/b/a St. Joseph Hospital | 150047 | Fort Wayne, Indiana | 8/1/2008 | 12/31/2010 |
| 41 | Warsaw Health System, LLC d/b/a Kosciusko Community Hospital | 150133 | 2101 East Dubois Drive, Warsaw, IN 46580 | 8/1/2008 | 12/31/2010 |

ATTACHMENT A

| # | Name | ID | Address | | |
|---|------|-----|---------|---|---|
| 42 | Hospital of Fulton, Inc. d/b/a Parkway Regional Hospital | 180117 | 2000 Holiday Lane, Fulton, KY 42041 | 6/1/1993 | 12/31/2010 |
| 43 | Hospital of Louisa, Inc. d/b/a Three Rivers Medical Center | 180128 | 2483 Highway 644, Louisa, KY 41230 | 6/1/1994 | 12/31/2010 |
| 44 | Jackson Hospital Corporation d/b/a Kentucky River Medical Center | 180139 | 540 Jetts Drive, Jackson, KY 41339 | 9/1/1996 | 12/31/2010 |
| 45 | National Healthcare of Leesville, Inc. d/b/a Byrd Regional Hospital | 190164 | 1020 Fertitta Blvd., Leesville, LA 71446 | 11/1/1995 | 12/31/2010 |
| 46 | Ruston Louisiana Hospital Company, LLC d/b/a Northern Louisiana Medical Center | 190086 | 401 East Vaughn Avenue, Ruston, LA 71270 | 5/1/2008 | 12/31/2010 |
| 47 | Women & Children's Hospital, LLC d/b/a Women & Children's Hospital | 190201 | Lake Charles, Lousiana | 8/1/2008 | 12/31/2010 |
| 48 | Vicksburg Healthcare, LLC a/k/a River Region Health System d/b/a River Region Medical Center | 250031 | 2100 Highway 61 North, Vicksburg, MS 39183 | 8/1/2008 | 12/31/2010 |
| 49 | Wesley Health System, LLC d/b/a Wesley Medical Center | 250094 | 5001 Hardy Street, Hattiesburg, MS 39402 | 8/1/2008 | 12/31/2010 |
| 50 | Kirksville Missouri Hospital Company, LLC d/b/a Northeast Regional Medical Center | 260022 | Kirksville, Missouri | 1/1/2002 | 12/31/2010 |
| 51 | Moberly Hospital Company, LLC d/b/a Moberly Regional Medical Center | 260074 | Moberly, Missouri | 12/1/1994 | 12/31/2010 |
| 52 | Salem Hospital Corporation d/b/a The Memorial Hospital of Salem County | 310091 | 310 Woodstown Rd., Salem, NJ 08079 | 10/1/2003 | 12/31/2010 |
| 53 | Deming Hospital Corporation d/b/a Mimbres Memorial Hospital | 320014 | Deming, New Mexico | 4/1/1997 | 12/31/2010 |
| 54 | Carlsbad Medical Center, LLC d/b/a Carlsbad Medical Center | 320063 | 2430 West Pierce Street, Carlsbad, NM 88220 | 8/1/2008 | 12/31/2010 |
| 55 | MountainView Regional Medical Center | 320085 | Las Cruces, New Mexico | 8/1/2008 | 12/31/2010 |
| 56 | Roswell Hospital Corporation d/b/a Eastern New Mexico Medical Center | 320006 | 405 West Country Club Road, Roswell, NM 88201 | 5/1/1999 | 12/31/2010 |
| 57 | San Miguel Hospital Corporation d/b/a Alta Vista Regional Hospital | 320003 | 104 Legion Drive, Las Vegas, NM 87701 | 5/1/2001 | 12/31/2010 |
| 58 | Williamston Hospital Corporation d/b/a Martin General Hospital | 340133 | 310 S McCaskey Rd., Williamston, NC 27892 | 12/1/1999 | 12/31/2010 |
| 59 | Claremore Regional Hospital, LLC d/b/a/ Claremore Regional Hospital | 370039 | 1202 North Muskogee Place, Claremore, OK 74017 | 8/1/2008 | 12/31/2010 |
| 60 | Deaconess Health System, LLC d/b/a Deaconess Hospital | 370032 | Oklahoma City, Oklahoma | 8/1/2008 | 12/31/2010 |
| 61 | Kay County Oklahoma Hospital Company, LLC d/b/a Ponca City Medical Center | 370006 | Ponca City, Oklahoma | 6/1/2007 | 12/31/2010 |
| 62 | SouthCrest, LLC d/b/a SouthCrest Hospital | 370202 | 8801 South 101st East Avenue, Tulsa, OK 74133 | 8/1/2008 | 12/31/2010 |

ATTACHMENT A

| # | Name | ID | Address | | |
|---|------|----|---------|---|---|
| 163 | Woodward Health System, LLC d/b/a Woodward Hospital | 370002 | 900 17th Street, Woodward, OK 73801 | 8/1/2008 | 12/31/2010 |
| 164 | McKenzie-Willamette Regional Medical Center Associates, LLC d/b/a McKenzie-Willamette Regional Medical Center | 380020 | Springfield, Oregon | 8/1/2008 | 12/31/2010 |
| 65 | Berwick Hospital Corporation, LLC d/b/a Berwick Hospital Center | 390072 | 701 East 16th St., Berwick, PA 18603 | 4/1/2000 | 12/31/2010 |
| 66 | CHHS Hospital Company, LLC d/b/a Chestnut Hill Hospital | 390026 | 8835 Germantown Avenue, Philadelphia, PA 19118 | 3/1/2006 | 12/31/2010 |
| 67 | Clinton Hospital Corporation d/b/a Lock Haven Hospital | 390071 | 24 Cree Drive, Lock Haven, PA 17745 | 9/1/2003 | 12/31/2010 |
| 68 | Coatesville Hospital Corporation d/b/a Brandywine Hospital | 390076 | 201 Reeceville Road, Coatesville, PA 19320 | 7/1/2002 | 12/31/2010 |
| 69 | Northampton Hospital Company, LLC d/b/a Easton Hospital | 390162 | 250 South 21st Street, Easton, PA 18042 | 11/1/2002 | 12/31/2010 |
| 70 | Phoenixville Hospital Company, LLC d/b/a Phoenixville Hospital | 390127 | 140 Nutt Road, Phoenixville, PA 19460 | 9/1/2005 | 12/31/2010 |
| 71 | Pottstown Hospital Company, LLC d/b/a Pottstown Memorial Medical Center | 390123 | 1600 E High Street, Pottstown, PA 19464 | 8/1/2004 | 12/31/2010 |
| 72 | Sunbury Hospital Company, LLC d/b/a Sunbury Community Hospital | 390084 | 350 North 11th Street, Sunbury PA 17801 | 11/1/2006 | 12/31/2010 |
| 73 | West Grove Hospital Company, LLC d/b/a Jennersville Regional Hospital | 390220 | 1015 West Baltimore Pike, West Grove, PA 19390 | 11/1/2002 | 12/31/2010 |
| 74 | Wilkes-Barre Hospital Company, LLC d/b/a Wilkes-Barre General Hospital | 390137 | Wilkes-Barre, Pennsylvania | 5/1/2010 | 12/31/2010 |
| 75 | Chesterfield/Marlboro, LP d/b/a Chesterfield General Hospital | 420062 | 711 Chesterfield Hwy., Cheraw, SC 29520 | 9/1/1997 | 12/31/2010 |
| 76 | Chesterfield/Marlboro, LP d/b/a Marlboro Park Hospital | 420054 | Bennettsville, South Carolina | 9/1/1997 | 12/31/2010 |
| 77 | Lancaster Hospital Corporation d/b/a Springs Memorial Hospital | 420036 | 800 W. Meeting Street, Lancaster, SC 29720 | 1/1/2005 | 12/31/2010 |
| 78 | Mary Black Health System LLC d/b/a Mary Black Memorial Hospital | 420083 | 1700 Skylyn Drive, Spartanburg, SC 29307 | 12/1/1995 | 12/31/2010 |
| 79 | QHG of South Carolina, Inc. d/b/a Carolinas Hospital System (Florence); Marion Regional Hospital | 420091 | 805 Pamplico Highway Florence, SC 29505 | 8/1/2008 | 12/31/2010 |
| 80 | Bradley Memorial County Hospital | 440024 | Cleveland, Tennessee | 8/1/2008 | 12/31/2010 |
| 81 | Brownsville Hospital Corporation d/b/a Haywood Park Community Hospital | 440174 | 2545 N. Washington Ave., Brownsville, TN 38012 | 2/1/2004 | 12/31/2010 |
| 82 | Clarksville Health System, G.P. d/b/a Gateway Health System a/k/a Gateway Medical Center | 440035 | 651 Dunlop Lane Clarksville, TN 37040 | 8/1/2008 | 12/31/2010 |
| 83 | Cleveland Tennessee Hospital Company, LLC d/b/a Sky Ridge Medical Center | 440185 | 2800 Westside Drive, NW, Cleveland, TN 37312 | 11/1/2006 | 12/31/2010 |

4

ATTACHMENT A

| | | | | | |
|---|---|---|---|---|---|
| 84 | Dyersburg Hospital Corporation d/b/a Dyersburg Regional Medical Center | 440072 | 400 Tickle Street, Dyersburg, TN 38024 | 2/1/2004 | 12/31/2010 |
| 85 | Hospital of Morristown, Inc. d/b/a Lakeway Regional Hospital | 440067 | 726 McFarland Street, Morristown, TN 37814 | 6/1/1994 | 12/31/2010 |
| 86 | Jackson, Tennessee Hospital Company, LLC d/b/a Regional Hospital of Jackson | 440189 | 367 Hospital Blvd, Jackson, TN 38305 | 2/1/2004 | 12/31/2010 |
| 87 | Lexington Hospital Corporation d/b/a Henderson County Community Hospital | 440008 | 200 West Church St, Lexington, TN 38351 | 2/1/2004 | 12/31/2010 |
| 88 | Martin Hospital Corporation d/b/a Volunteer Community Hospital | 440061 | 161 Mount Pelia Road, Martin, TN 38237 | 2/1/2004 | 12/31/2010 |
| 89 | McKenzie Tennessee Hospital Company, LLC d/b/a McKenzie Regional Hospital | 440182 | 161 Hospital Drive, McKenzie, TN 38201 | 2/1/2004 | 12/31/2010 |
| 90 | McNairy Hospital Corporation d/b/a McNairy Regional Hospital | 440051 | 705 Poplar Ave., Selmer, TN 38375 | 2/1/2004 | 12/31/2010 |
| 91 | Shelbyville Hospital Corporation d/b/a Heritage Medical Center | 440137 | 2835 Highway 231 North, Shelbyville, TN 37160 | 8/1/2006 | 12/31/2010 |
| 92 | ARMC, L.P. d/b/a Abilene Regional Medical Center | 450558 | 5800 Tennyson Parkway, Plano, Texas | 8/1/2008 | 12/31/2010 |
| 93 | Big Bend Hospital Corporation d/b/a Big Bend Regional Medical Center | 450830 | Alpine, Texas | 11/1/2000 | 12/31/2010 |
| 94 | Big Spring Hospital Corporation d/b/a Scenic Mountain Medical Center | 450653 | 1601 W. 11th, Place Big Spring, TX 79720 | 11/1/1995 | 12/31/2010 |
| 95 | Brownwood Hospital, LP d/b/a Brownwood Regional Medical Center | 450587 | 1501 Burnet Drive, Brownwood, TX 76801 | 8/1/2008 | 12/31/2010 |
| 96 | Cedar Park Health System, L.P. d/b/a Cedar Park Regional Medical Center | 670043 | 1401 Medical Parkway, Cedar Park, TX 78613 | 1/1/2009 | 12/31/2010 |
| 97 | Cleveland Regional Medical Center, L.P. d/b/a Cleveland Regional Medical Center | 450296 | 300 East Crockett Street, Cleveland, TX 77327 | 9/1/1997 | 12/31/2010 |
| 98 | College Station Hospital, L.P. d/b/a College Station Medical Center | 450299 | 5800 Tennyson Parkway, Plano, Texas | 8/1/2008 | 12/31/2010 |
| 99 | DeTar Healthcare System (a/k/a Victoria of Texas, L.P.) d/b/a DeTar Hospital Navarro and DeTar Hospital North | 450147 | 5800 Tennyson Parkway, Plano, Texas | 8/1/2008 | 12/31/2010 |
| 100 | DHSC, LLC d/b/a Affinity Medical Center | 360151 | 5800 Tennyson Parkway, Plano, Texas | 8/1/2008 | 12/31/2010 |
| 101 | Gadsden Regional Medical Center, LLC d/b/a Gadsden Regional Medical Center | 010040 | 5800 Tennyson Parkway, Plano, Texas | 8/1/2008 | 12/31/2010 |
| 102 | Granbury Hospital Corporation d/b/a Lake Granbury Medical Center | 450596 | Granbury, Texas | 2/1/1998 | 12/31/2010 |
| 103 | Jourdanton Hospital Corporation d/b/a South Texas Regional Medical Center | 450165 | Jourdanton, Texas | 12/1/2002 | 12/31/2010 |
| 104 | Laredo Texas Hospital Company, L.P. d/b/a Laredo Medical Center | 450239 | 1700 E. Saunders St., Laredo, TX 78041 | 11/1/2004 | 12/31/2010 |

ATTACHMENT A

| | | | | | |
|---|---|---|---|---|---|
| 105 | Longview Medical Center, L.P. d/b/a Longview Regional Medical Center | 450702 | 2901 N. Fourth St., Longview, TX 75605 | 8/1/2008 | 12/31/2010 |
| 106 | Navarro Hospital, LP d/b/a Navarro Regional Hospital | 450447 | 3201 West Highway 22, Corsicana, TX 75110 | 8/1/2008 | 12/31/2010 |
| 107 | NHCI of Hillsboro, Inc. d/b/a Hill Regional Hospital | 450192 | 101 Circle Drive, Hillsboro, TX 76645 | 11/1/1995 | 12/31/2010 |
| 108 | Piney Woods Healthcare System, LP d/b/a Woodland Heights Medical Center | 450484 | 505 South John Redditt Drive, Lufkin, TX 75904 | 8/1/2008 | 12/31/2010 |
| 109 | Presbyterian Hospital of Denton | 450743 | Denton, Texas | 8/1/2008 | 4/1/2009 |
| 110 | San Angelo Hospital, L.P. d/b/a San Angelo Community Medical Center | 450340 | 3501 Knickerbocker Road, San Angelo, TX 76904 | 8/1/2008 | 12/31/2010 |
| 111 | Weatherford Texas Hospital Company, LLC d/b/a Weatherford Regional Medical Center | 450203 | 713 E. Anderson Street, Weatherford, TX 76086 | 12/1/2007 | 12/31/2010 |
| 112 | Tooele Hospital Corporation d/b/a Mountain West Medical Center | 460014 | Tooele, Utah | 11/1/2001 | 12/31/2010 |
| 113 | Emporia Hospital Corporation d/b/a Southern Virginia Regional Medical Center | 490097 | 727 North Main Street, Emporia, VA 23847 | 4/1/2000 | 12/31/2010 |
| 114 | Franklin Hospital Corporation d/b/a Southampton Memorial Hospital | 490092 | 100 Fairview Drive Franklin, VA 23851 | 4/1/2001 | 12/31/2010 |
| 115 | Petersburg Hospital Company, LLC d/b/a Southside Regional Medical Center | 490067 | 200 Medical Park Blvd., Petersburg, VA 23805 | 9/1/2004 | 12/31/2010 |
| 116 | Spokane Washington Hospital Company, LLC a/k/a Rockwood Health System d/b/a Deaconess Medical Center | 500044 | Spokane, Washington | 11/1/2009 | 12/31/2010 |
| 117 | Spokane Valley Washington Hospital Company, LLC d/b/a Valley Hospital & Medical Center | 500119 | Spokane Valley, Washington | 11/1/2009 | 12/31/2010 |
| 118 | Greenbrier VMC, LLC d/b/a Greenbrier Valley Medical Center | 510002 | Ronceverte, West Virginia | 8/1/2008 | 12/31/2010 |
| 119 | Evanston Hospital Corporation d/b/a Evanston Regional Hospital | 530032 | Evanston, Wyoming | 8/1/2008 | 12/31/2010 |

## **ATTACHMENT B**

CARDIAC PROCEDURE CODES

| | | | |
|---|---|---|---|
| 00.50 | 37.21 | 37.77 | 37.87 |
| 00.51 | 37.22 | 37.79 | 37.89 |
| 00.52 | 37.23 | 37.80 | 37.94 |
| 00.53 | 37.70 | 37.81 | 37.95 |
| 00.54 | 37.71 | 37.82 | 37.96 |
| 00.66 | 37.72 | 37.83 | 37.97 |
| 36.06 | 37.73 | 37.85 | 37.98 |
| 36.07 | 37.75 | 37.86 | |

HEMODIALYSIS PROCEDURE CODES

39.27
39.42
39.43
39.49
39.50
39.95